# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0590, <u>Joshua Riendeau v. Alicia Boyer</u>, the court on April 14, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Alicia Boyer, appeals a civil stalking final order of protection, <u>see</u> RSA 633:3-a, I(a) (2007), entered against her by the Circuit Court (<u>Cross</u>, Referee, approved by <u>Leary</u>, J.) for the protection of the plaintiff, Joshua Riendeau. She argues that the court erred in: (1) crediting the plaintiff's testimony; and (2) making findings that are unsupported by the evidence.

A person commits the offense of stalking if he or she purposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety, and the person is actually placed in such fear. <u>See</u> RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidences a continuity of purpose. <u>See</u> RSA 633:3-a, II(a) (2007). A course of conduct may include following, approaching, or confronting the person, <u>see</u> RSA 633:3-a, II(a)(2), appearing in close proximity to, or entering, the person's residence, <u>see</u> RSA 633:3-a, II(a)(3), or an act of "communication," as that term is defined in the statute, <u>see</u> RSA 633:3-a, II(a)(7).

At the September 14, 2015 hearing, the plaintiff testified that he and the defendant had been in a relationship that ended in June 2015, and that the defendant continued to contact him after June by telephone and text messages. He testified that one day during the last week of July, he was doing yard work on his property when the defendant approached him and tapped him on the shoulder. The plaintiff asked her to leave "multiple times," but she refused. The plaintiff entered his residence, and when it appeared that the defendant had left the premises, he went outside to enter his vehicle, but the defendant drove up and blocked his vehicle. The plaintiff testified, "I was afraid after that about what she would do." He attempted to call the police but did not have cell phone service.

The defendant first argues that the trial court erred in crediting the plaintiff's testimony because he did not specify the date and time that she

entered onto his property; nor did he provide any witnesses to corroborate his testimony. As a result, she argues, she was unable to defend herself at the hearing. We have held, however, that neither the stalking statute nor our case law requires the plaintiff to provide the specific dates upon which the prohibited acts occurred. See Despres v. Hampsey, 162 N.H. 398, 402 (2011). Nor does the plaintiff's testimony require corroboration. See generally Fisher v. Minichiello, 155 N.H. 188, 190-92 (2007) (discussing proof requirements). Although the defendant testified that the last time she was at the plaintiff's residence was in May, "[i]t was within the trial court's discretion to resolve conflicts in the testimony, measure the credibility of witnesses, and determine the weight to be given evidence." Despres, 162 N.H. at 404 (quotation omitted).

The defendant also challenges the plaintiff's reason for waiting until September to file his stalking petition, when he asserted that the incident occurred in July. At the hearing, the plaintiff testified that he was reluctant to file the petition, but that he felt it was necessary when the defendant continued to contact him after the July incident. She argues that the plaintiff filed the petition out of revenge because, as he states in the petition, the defendant destroyed his relationship with his fiancée. As previously noted, it was within the trial court's discretion to determine the credibility of the witnesses. See id.

Finally, the defendant argues that there was no evidence to support the court's finding that she followed the plaintiff "on other occasions." We will uphold the trial court's findings unless they are unsupported by the evidence. Fisher, 155 N.H. at 190. The plaintiff testified that after his relationship with the defendant ended, her "contact continued to the point of . . . following me around." We conclude that this evidence supports the trial court's finding. Moreover, the stalking order required a finding of two or more acts evidencing a continuity of purpose. See RSA 633:3-a, II(a). Regardless of whether the defendant followed the plaintiff once or more than once, the trial court found that she committed two or more acts evidencing a continuity of purpose. These acts included entering onto the plaintiff's property, blocking his vehicle, sending him text messages, and following him at least once. Accordingly, we find no error in the trial court's order. See Fisher, 155 N.H. at 190.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2